Marion Lima, Sr., et als.
vs.
Weyerheuser Timber Company } W.C.A. No.288

May 12, 1928.

TANNER, P. J. This is a Workmen's Compensation case brought by the father and mother of a deceased minor employee to recover as dependents of said deceased employee. The only question raised is the question of dependency.

It appears that the father and three brothers were working at the time of the death of the injured employee; that they had not all been working steadily during the year preceding the death and that although at the time of the death the weekly wages of the whole family amounted to something over $80, yet the family were considerably in debt at that time, this being partly due, apparently, to the fact that there had been no steady employment the previous year. The mother of the family did not seem to be able adequately to state the expenses of the family. She could give no estimate of the expenses for clothing. But the Court is convinced from the circumstances that the contribution made by the deceased employee was wholly necessary for the support of the family in accordance with their standard of living.

It appears that the deceased earned from $20 to $21 a week during the year preceding his death. He contributed the whole of what he earned to his mother, who was treasurer of the family. The mother gave him various small weekly sums out of the money so contributed, and it necessarily cost something for the support of the deceased employee; but it has been held that while the question of the amount expended by parents in the support of a minor child must be considered in determining whether or not there was a whole or partial dependency, it need not be considered in determining the amount of compensation to be paid, since that is fixed by the terms of the statute.

Denbenski's case, 231 Mass., p. 261.

It does not seem important to us to attempt to determine whether the dependents were wholly or only partially so, since in the case of partial dependency the one partially dependent receives the proportion of the amount

received by one wholly dependent that the contribution of the deceased employee bears to the earnings of the employee. In this case the contribution of the employee was 100 per cent. of his earnings and the dependents in this case would, therefore, be entitled to the same amount as if they were wholly dependent.

See Sec. 5, Art. 2, W. C. A. as amended.

The dependents would, therefore, appear to be entitled to $10 a week, which is the maximum allowed by the Act as the amount of one-half the average weekly wage of the employee.

It was claimed at the hearing that both the mother and the father would be dependents, but the father was entitled to his son's wages and was under obligation to support him as a minor child. Therefore, though the mother acted as the treasurer of the family, she did so as agent of the father.

See *Denbenski's case*, 231 Mass. p. 261.

We therefore find that the father is entitled to the whole of the compensation.

For petitioner: William C. H. Brand.

For respondent: William A. Gunning.

